UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CRIMINAL NO. 21-174 (NEB/DTS)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| | ) **GOVERNMENT'S POSITION** |
| v. | ) **REGARDING SENTENCING** |
| | ) |
| WILLIAM HOWARD PROTO, JR., | ) |
| | ) |
| Defendant. | ) |

The United States of America, by Andrew M. Luger, United States Attorney for the District of Minnesota, and Assistant United States Attorney Joseph S. Teirab, hereby submits this position paper as to sentencing. As set forth below, the government respectfully requests that this Court sentence Defendant William Howard Proto, Jr. to the bottom-end of the guidelines range. Such a sentence is sufficient, but not greater than necessary, to achieve the goals of sentencing.

I. **Offense Conduct**

The government has no objections to the factual statements contained in the Presentence Investigation Report ("PSR"). The PSR accurately summarizes the Defendant's offense conduct as proven at trial.

On June 29, 2021, a Bloomington Police Department officer approached a suspicious SUV parked in a hotel parking lot in Bloomington, Minnesota. PSR ¶ 7. The officer made contact with the Defendant, who was sitting in the driver's seat. *Id.* He was the sole occupant. *Id.* The officer had difficulty getting the SUV's VIN, which

was obstructed. *Id.* Eventually, the officer got the VIN, ran it, and learned the SUV was stolen. *Id.* The Defendant was arrested. *Id.*

Officers searched the Defendant's SUV. *Id.* Officers found, amongst other things, approximately nine pounds of methamphetamine, $56,956 in cash, digital scales, and a high-speed money counter. *Id.* Wedged in-between the driver's seat and center console, officers found a loaded .57 revolver. *Id.* Also within the SUV, officers found miscellaneous ammunition. *Id.* The Defendant's DNA was on the revolver and methamphetamine packaging. *Id.* The Defendant was charged by the state and released after posting bail. *Id.*

On August 11, 2021, the Defendant was federally indicted for the June 29, 2021 conduct. PSR ¶ 8. On August 19, 2021, agents searched and found the Defendant's location in order to arrest him on the federal warrant. *Id.* The Defendant was at a hotel in Woodbury, Minnesota. *Id.* Officer arrested the Defendant as he was wheeling a luggage cart in the parking lot towards his SUV. *Id.* On the luggage cart in a black duffle bag, officers found about five pounds of methamphetamine, $5,000 in cash, an assault style rifle, and loaded magazines. *Id.* The Defendant had in his pocket a loaded 9-mm handgun. *Id.* Officers searched the Defendant's SUV and found more ammunition. *Id.*

All the seized methamphetamine was purity tested. PSR ¶ 8. The purity ranged from 94 to 100 percent pure methamphetamine. *Id.* The Defendant is responsible for 5.75 kilograms of actual methamphetamine.

## II. PSR and the Advisory Guidelines Range

The Superseding Indictment charged the Defendant with two counts of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), two counts of possession with the intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and one count of possession of a firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c)(1)(A). ECF No. 33; PSR ¶ 2. During the jury trial, the Defendant pled guilty to one count of felon in possession of a firearm stemming from the August 19, 2021 conduct. ECF No. 83; PSR ¶ 3. On June 15, 2022, the Defendant was found guilty on the remaining four counts of the Superseding Indictment as charged. ECF No. 85, 90; PSR ¶ 3.

As set forth in the PSR, for the possession with the intent to distribute methamphetamine Counts 1 and 3, the **base offense level is 38** pursuant to U.S.S.G. § 2D1.1(a)(5), (c)(1) because the offense involved 4.5 kilograms or more of actual methamphetamine. PSR ¶ 16. For the felon in possession of a firearm Counts 2 and 4, the **base offense level is 14** pursuant to U.S.S.G. § 2K2.1(a)(6) because the Defendant was a prohibited person at the time of the offenses. PSR ¶ 22. Regarding the possession of a firearm in furtherance of drug trafficking Count 5, the guideline sentence is a 5-year consecutive imprisonment term. PSR ¶ 32.

The **total offense level is 38**. PSR ¶ 31. Pursuant to § 4B1.4(c), the Defendant's **criminal history category is VI.** PSR ¶ 50. His guidelines range is

360 months' – life imprisonment. PSR ¶ 97. A consecutive 5-year sentence is required on Count 5. *Id.*

The government concurs with those guideline calculations. The Defendant did not object to them. PSR Addendum A.1.

## III. The Appropriate Sentence

The sentencing factors under 18 U.S.C. § 3553 most pertinent to this case—namely, (1) the nature and circumstances of the offense; (2) defendant's history and characteristics; and (3) the need for the sentence to protect the public from further crimes of the defendant—are addressed below.

Two things are true at once: (1) the Defendant's history is marred with neglect and abuse, and (2) the Defendant has chosen a life of crime. The Defendant grew up in an unstable home. PSR ¶ 59-62. His biological father was an intravenous drug user, his step-father was emotionally and physically abusive, and he was placed in foster care. *Id.* From an early age, the Defendant began using and selling drugs. PSR ¶ 62.

Unfortunately, the Defendant has spent most of his adult life in custody. He is unwilling or unable to follow the law. He has five convictions for being a felon in possession of a firearm. His adjustment on supervision is horrendous. Many of his convictions show probation violations. PSR ¶¶ 38, 40, 41, 45, 48. The serious nature and circumstances of the crime merit a significant sentence. He had guns to protect large amount of drugs not once, but twice.

It seems only incapacitation will stop the Defendant. That incapacitation must be significant to protect the public. More sadly, the incapacitation must be significant to protect the Defendant from himself. The guidelines in this case are high. The defendant's longest prior sentence is 90 months' imprisonment. A sentence at the very bottom of the guidelines range would be sufficient, but not greater than necessary, to achieve the goals of sentencing.

## IV. Conclusion

For the reasons set forth above, the government respectfully recommends that the Court sentence the Defendant at the bottom of the guidelines range.

Dated: September 19, 2022　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　ANDREW M. LUGER
　　　　　　　　　　　　　　　　　　　　United States Attorney

　　　　　　　　　　　　　　　By:　*/s/Joseph S. Teirab*
　　　　　　　　　　　　　　　　　　JOSEPH S. TEIRAB
　　　　　　　　　　　　　　　　　　Assistant United States Attorney

5